### SCOTT and others *v.* EVANS.

*(Circuit Court, W. D. Pennsylvania. May 16, 1882.)*

1. PATENTS FOR INVENTIONS—DIFFERENT FORM—NOT AN INFRINGEMENT.
    Where the plaintiff's patent was for an earthenware saucepan having a bottom dome-shaped, and of uniform thickness, and defendant's manufacture was an earthenware saucepan with corrugated ridges at the bottom, and not of the same specific form as that of the plaintiff, there is no infringement.

2. SAME—STATE OF THE ART—RESTRICTION OF CLAIM.
    Where the prior state of the art is such that the field of invention is circumscribed, the invention of the patentee must be confined strictly to the description of article as set forth in his claim.

In Equity.

*Bakewell & Kerr* and *George H. Christy,* for complainants.

*M. D. Legett & Co.,* for respondent.

ACHESON, D. J. This suit is for the infringement of letters patent No. 225,492, granted to the plaintiffs on March 16, 1880, for an improvement in earthenware saucepans. The patent has two claims, the second of which covers the entire saucepan as described in the specification. At the argument it was conceded that the defendants have not infringed this claim. It therefore is not in contest, and need not be further mentioned. The first claim, which it is contended the defendants have infringed, is in these words: "(1) An earthenware saucepan, the bottom of which is rounded, and has a regular surface of or about an equal thickness throughout, substantially as and for the purpose described." The answer denies that there is any patentable novelty in the plaintiffs' invention, and also denies infringement.

It is certainly true that the plaintiffs were not the first to discover the advantages which earthenware vessels possess over metallic vessels for some kinds of cooking. Earthenware stewpans of various forms, as the proofs abundantly show, had been in common use long

anterior to the plaintiffs' invention. In view of such prior use of earthenware vessels for culinary purposes, and the admitted fact that long before the plaintiffs' invention it was a common thing to make cast-iron kettles, the bottoms of which were rounded, and had a regular surface of or about an equal thickness throughout, and having lugs or projections for handles, and feet cast integral with the body of the kettle, it is a serious question whether the plaintiffs have done anything more than to substitute one well-known material for another in the production of a well-known article, which, as was held in *Hotchkiss* v. *Greenwood*, 11 How. 248, is not the subject of a patent. But upon this point I refrain from expressing any opinion, as, in my view of the case, it is not necessary to pass upon the validity of the first claim of the patent.

The specification states that "the vessel being rounded and having a smooth, regular bottom of uniform, or nearly uniform, thickness, expands gradually and equally throughout, and is therefore able to withstand a greater degree of heat than earthenware vessels of an irregular shape." In correspondence with this description the drawing shows a vessel having smooth inner and outer surfaces, the curves of which are parallel with each other. Mr. Reese, the plaintiffs' expert witness, says: "The gist of this invention, as I understand it, is to change and modify the form and proportions, or relative thickness, of the different parts of the pan so as to produce an earthenware saucepan which is rounded, and has a smooth, regular bottom of uniform or nearly uniform thickness, which will be especially useful for slow cooking," etc. The word "smooth," indeed, does not occur in the claim, but, read in connection with the specification and the drawing, the claim, I think, must be held to be for an earthenware saucepan, the bottom of which is rounded and has throughout an equal thickness of material. There are, therefore, two elements of invention in the claim: *First,* giving to the bottom of the saucepan a rounded or dome-like shape; *second,* making such bottom of uniform thickness throughout.

The defendant's earthenware saucepan is made under and in accordance with letters patent No. 238,883, dated March 15, 1881, granted to Henry Friedman. The bottom of this saucepan is rounded, but it is formed with fleetings or corrugations upon its exterior surface, and is not of equal thickness. The bottom is thicker on the ridges than in the grooves. It lacks, therefore, one of the essential elements of the plaintiffs' invention, viz., uniformity of thickness.

The prior state of the art was such that the field of invention here was quite circumscribed, and if the first claim of the plaintiffs' patent is to be sustained at all, it must be confined strictly to an earthenware saucepan possessing all the characteristics therein specified. As, therefore, the bottom of the defendant's saucepan is not of the same specific form as that of the plaintiffs, there is no infringement. *Matthews* v. *Boston Machine Co.* 21 O. G. 1350.

Let a degree be drawn dismissing the plaintiffs' bill, with costs.